UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:08-cv-00387-FL

| | |
|---|---|
| ALFONZO MYERS, LATANAYA MYERS, LARRY JOHNSON and BARBARA JOHNSON, <br><br> Plaintiffs, <br><br> v. <br><br> LIZARD LICK TOWING & RECOVERY, LLC, <br><br> Defendant. | **JOINT REPORT OF FRCP 26(f) CONFERENCE AND DISCOVERY PLAN** |

     Certification of Conference. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on October 13, 2008 between M. Samuel McGee, counsel for Plaintiff, and John W. Ormand III, counsel for Defendant.

1. Pre-Discovery Disclosures.

    The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by October 30, 2008 and initial documents exchanged by November 14, 2008.

2. Brief Statement of the Nature and Complexity of the Case.

    Plaintiffs have sued for Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq* ("FDCPA"), arising out of the repossession of a 1993 Lexus motor vehicle. This Court has subject matter jurisdiction over this lawsuit under the provisions of 15 U.S.C §1692k(d) of the FDCPA.

    Defendant denies that any of its actions were governed by the FDCPA and, even if the FDCPA is found to be applicable, denies that it has violated the FDCPA.

    Key issues known at this point include: 1) to what extent, if any, was Defendant subject to the FDCPA; 2) the correctness of the factual allegations set forth in the complaint and, to the extent any such alleged conduct did occur, were such acts or omissions committed by Defendant or rather by other parties outside of Defendant's control; 3) if Defendant was subject to, and responsible for, violations of the FDCPA with respect to any of the Plaintiffs, were those violations unintentional and the result of bona fide errors occurring notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid such errors; 4) the applicability of the other affirmative defenses raised in

Defendant's answer; and 5) whether any of the Plaintiffs incurred any damages recoverable under 15 U.S.C. §1692k (a) as a result of any violations of the FDCPA by Defendant.

The damages sought by plaintiff are broken down as follows with respect to both Plaintiffs: Actual damages, including emotional distress and any medical or other costs associated therewith. Statutory damages. Attorneys fees and costs. Punitive damages in an amount to be determined by the trier of fact. Any additional damages allowable under applicable law.

3. <u>Discovery Plan</u>.

   The parties jointly propose to the Court the following discovery deadlines and limitations.

   (a) Discovery will be needed on these subjects: (1) the allegations contained in the complaint; (2) whether Defendant was subject to the FDCPA with respect to any actions it took directed towards any Plaintiff, (3) the applicability of the affirmative defenses raised by Defendant; (4) the relationship, if any, between Defendant and any persons or entities who may have committed any of the acts complained of; and (5) the damages claimed by each Plaintiff.

   (b) All non-expert discovery shall be commenced in time to be completed by April 30, 2009. Any expert discovery shall be commenced in time to be completed by June 30, 2009.

   (c) *Discovery Limits*:

   1) Maximum of 20 interrogatories directed to any party.
   2) Maximum of 35 requests for production directed to any party.
   3) Maximum of 20 requests for admission directed to any party.
   4) Each side (plaintiffs and defendant) may take a maximum of seven depositions (not including experts).

   (d) *Expert reports* from retained experts under Rule 26(a)(2) will be due:
   – from Plaintiffs by May 8, 2009;
   – from Defendant by June 5, 2009;

   (e) *Supplementations under Rule 26(e)* are due April 23, 2009 provided that a party may not delay supplementation until this date if the party has, or should have, reasonably become aware that supplementation is required sooner under F.R.Civ.Pro. Rule 26(e)(1)(A).

   (f) Expert depositions shall be completed by June 30, 2009.

4. Other Items.

   (a) Motions Deadline. The deadline for filing dispositive motions is July 31, 2009.

   (b) Deadline for Plaintiffs to amend pleadings to join parties: December 31, 2008

   (c) Deadline for Defendant to amend pleadings or join parties: January 30, 2009.

   (d) Alternative Dispute Resolution Mediation Stipulation. The parties hereby stipulate to mediation pursuant to Local Rule 101.1a(d). The parties have agreed that mediation should be held no sooner than December, 2008 and no later than February, 2009 to be further agreed upon by counsel after a mediator has been selected (the parties anticipate agreeing on a mediator, and notifying the Court of their selection, by November 24, 2008 in conformity with Local Rule 101.1c(a))

   (e) Trial Estimates. If the case is not resolved on motion for summary judgment, trial is expected to take approximately two or three days.

   (f) Magistrate Jurisdiction. The parties do consent to a Magistrate Judge conducting all proceedings under 28 USC § 636(e) and Local Rule 73.1.

   (g) Pre-Trial Conference. The parties request a pre-trial conference in October, 2009.

   (h) Trial Setting. The parties suggest a trial setting in November, 2009 provided that such gives the Court ample opportunity to resolve any dispositive motions.

   (i) Document Production format (ESI): Except as noted below, the parties agree that all documents (including reasonably accessible electronically stored information) which are subject to appropriate discovery shall be produced in hard copy of the best quality a party can reasonably obtain without subjecting itself to undue expense but the parties reserve the right to subsequently seek a variance from this agreement, if appropriate circumstances arise. However, any relevant recordings of phone or other conversations shall be produced in an audio medium in a format that is reasonably accessible by the receiving party.

5. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, privilege, and electronically stored information):  Other than the agreement set forth above, the parties are not aware at this time of further issues in this regard that require the Court's attention.

This 30th day of October, 2008.

/s/ John W. Ormand III
John W. Ormand III
N.C. State Bar No. 14160
Email: jormand@brookspierce.com
David L. Neal
N.C. State Bar No. 27992
Email: dneal@brookspierce.com
BROOKS, PIERCE, McLENDON
　HUMPHREY & LEONARD, L.L.P.
P.O. Box 1800
Raleigh, NC 27602
Telephone: 919-839-0300
Facsimile: 919-839-0304
ATTORNEYS FOR DEFENDANT


/s/ Sam McGee
Sam McGee
N.C. State Bar No. 25343
Email: smcgee@ncadvocates.com
JACKSON & MCGEE, LLP
521 East Boulevard
Charlotte, NC 28203
Telephone: 704-377-6680
Facsimile: 704-377-6690
ATTORNEY FOR PLAINTIFFS